IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARNETT WILLIAM BASS,**  Plaintiff,  v.  **ROB JEFFERIES, ANDREA PRESLEY, BRANDON W. RIDGEWAY, MICHAEL GIBSON, DAVID MITCHELL, JEFFERY HOCH, and MIA E. TRAVELSTEAD,**  Defendants. | Case No. 23-cv-2599-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Barnett William Bass, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at the Murphysboro Life Skills Re-Entry Center in Murphysboro, Illinois. Bass's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim (Doc. 10). He was granted leave to file an amended pleading. In the Amended Complaint (Doc. 11), Bass again alleges that the defendants violated his rights in issuing, and finding him guilty of, a disciplinary ticket.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Bass makes the following allegations: While at the Murphysboro Life Skills Re-entry Center, Dr. Wilson, a mental health doctor, called Bass to discuss an earlier event that left him upset about his circumstances (Doc. 11, p. 4). Bass waited for Dr. Wilson in the hallway outside of her office. Dr. Wilson instructed Bass to step into her office, but Officer Andrea Presley interrupted and stated that they could not meet in the office because security officers were not in the area (*Id.* at p. 5). Dr. Wilson asked Presley if it was okay to meet with Bass in the "fun zone"(*Id.*). Officer Presley approved of the location and Bass and the doctor proceeded to the "fun zone" for their discussion (*Id.* at pp. 5, 14). Bass alleges that Officer Michael Gibson and Major Hoch were also present when Officer Presley approved the doctor's request to conduct the meeting in the "fun zone" (*Id.* at p. 14). About thirty minutes into the meeting, Major Hoch

---

[1] As noted in the Court's initial Screening Order (Doc. 10, p. 2), the Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

interrupted, and Bass requested leave to return to his dorm room. Later that evening, security woke Bass up in his dorm and directed him to cuff up (*Id.* at p. 5). He was then abruptly transferred to Pinckneyville Correctional Center.

Bass ultimately received a disciplinary charge for disobeying a direct order essential to the safety and security of the institution (*Id.* at p. 14). The ticket was related to his presence in the hallway outside of Dr. Wilson's office (*Id.* at p. 18). Bass alleges that he went before the adjustment committee on the charge 14 hours after returning from the emergency room after having been found unresponsive and in an altered mental state (*Id.* at pp. 14-15). The adjustment committee consisted of Brandon W. Ridgeway and Mia E. Travelstead (*Id.* at p. 15). The committee read the charges in Bass's room in the healthcare unit, and he alleges that the committee members refused him an opportunity to dispute the charges or call his witnesses (*Id.* at p. 14). The lieutenant on the committee found him guilty of the charges (*Id.*). Bass alleges that the evidence demonstrates that Dr. Wilson instructed Bass to enter her office. Bass was not allowed to call the doctor because Ridgeway and Travelstead found her testimony irrelevant (*Id.* at p. 15). Bass also did not receive prior notice of the hearing. He was not allowed to provide witnesses or other relevant material.

Bass alleges that his rights were violated prior to his transfer and that various Illinois Administrative Codes were violated by the defendants (*Id.* at p. 15). He also alleges that warden Crystal Crow approved Bass's transport to Pinckneyville. Bass alleges that Crow had a conflict of interest because she is related to Officer Presley by marriage (*Id.*). Bass further alleges that David Mitchell approved the adjustment

committee's decision. Bass was punished with one month C-Grade and one month B-Grade (*Id.*). He was also terminated from the re-entry program (*Id.* at p. 18).

## Discussion

Simply put, Bass again fails to state a claim for violation of his due process rights. When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, relatively short stints in segregation do not, on their own, amount to a deprivation of a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days not enough on its own). Here, Bass alleges, and the attached exhibits confirm, that Bass only received one month on C Grade and 1 month commissary restrictions as punishment for his disciplinary ticket. He was also terminated from the Life Skills Re-entry Center. But none of those punishments implicate a protected liberty interest. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interest] in their classifications and prison assignments"); *Thomas*, 130 F.3d at 762 n. 8 (placement on C grade and loss of commissary privileges does not amount to a protected liberty interest). Further, the opportunity to be assigned to a work release program does not

4

create a liberty or property interest implicating due process protections. *DeTomaso*, 970 F.2d at 212. Thus, Bass again fails to state a claim.

## Disposition

For the reasons stated above, Bass's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Bass's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Bass is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Bass wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Bass does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Bass may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/11/2024**

                **/s/ Mark A. Beatty**
                **MARK A. BEATTY**
                **United States Magistrate Judge**